**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LAWSON G. STEVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:09-cv-00348-RCJ-VPC |
| vs. | ) | |
| | ) | |
| MESHELL PRAWITZ et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This prisoner civil rights case arises out of Plaintiff's treatment at the Lander County Jail during his detention there between January 2009 and July 2009. On July 21, 2009, Plaintiff notified the Clerk of an address change to 223 Deer Ave. in Battle Mountain, Nevada. On June 22, 2010, the Court ordered Plaintiff to clarify whether he was still incarcerated, if so where, and if not whether he intended to pay the filing fee or file a new motion to proceed in forma pauperis. The Clerk mailed the June 22, 2010 order to the 223 Deer Ave. address Plaintiff had provided, and the letter was never returned as undeliverable. Plaintiff failed to respond, and the Court therefore dismissed the Complaint on October 19, 2010, as it had warned it would do in the June 22, 2010 order. The dismissal order and judgment were then returned as undeliverable on October 25, 2010. On November 19, 2010, Plaintiff responded to the June 22, 2010 order and explained that he had been incarcerated at Nevada State Prison, where he now resides. In February 2011, he moved for the Court to reopen the case.

1    The Court denies the motion. The Fifth Amendment requires notice and an opportunity
2 to be heard before a person may be deprived of a liberty or property interest. Plaintiff has a
3 liberty interest in bringing his civil claims. The Constitution, however, does not require actual
4 notice. Notice is constitutionally sufficient if the "government [provides] 'notice reasonably
5 calculated, under all the circumstances, to apprise interested parties of the pendency of the action
6 and afford them an opportunity to present their objections.'" *Jones v. Flowers*, 547 U.S. 220, 226
7 (2006) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The
8 method "must be such as one desirous of actually informing the absentee might reasonably adopt
9 . . . ." *Id.* at 229 (quoting *Mullane*, 547 U.S. at 315).
10    The Clerk's actions in sending the June 22, 2010 order to the 223 Deer Ave. address
11 Plaintiff had most recently provided the Clerk was reasonably calculated under the
12 circumstances to provide Plaintiff with notice of the June 22, 2010 order. Plaintiff had promptly
13 informed the Clerk's office of his change in address from the Lander County Jail to the 223 Deer
14 Ave. address when released in July 2009, and the Clerk's office had no reason to suspect his
15 address had changed since then, particularly as the June 22, 2010 order was never returned as
16 undeliverable. *See id.* at 234 (holding that attempted notice that is sufficient may become
17 insufficient if the government later discovers an actual failure in notice). Here, the Clerk's office
18 never had any later indication of an actual failure in notice to Plaintiff of the June 22, 2010 order.
19 Plaintiff alleges that on June 22, 2010, he was again incarcerated at the Lander County Jail, but
20 Plaintiff himself attached to his untimely response to the June 22, 2010 order a copy of the
21 envelope from the Clerk postmarked June 22, 2010, presumably containing the June 22, 2010
22 order. The markings from the U.S. Postal Service on that envelope indicate that it was in fact
23 delivered to the 223 Deer Ave. address on or about June 24, 2010, and the U.S. Postal Service
24 admonished Plaintiff via its standard "NOTIFY SENDER OF NEW ADDRESS" stamp to
25 inform the sender (the Clerk) that Plaintiff had moved to 205 Deer Ave., presumably a few doors

down. (*See* Envelope, ECF No. 12, at 2). The Postal Service never returned this letter as undeliverable, but rather forwarded it to 205 Deer Ave., presumably in response to a change-of-address request Plaintiff had filed with the Postal Service. In either case, the Clerk's mailing to the 223 Deer Ave. address was constitutionally sufficient, and even if it had not been, Plaintiff's admitted and obvious failure to keep the Court informed of his address is grounds to dismiss the Complaint in-and-of-itself. *See* Local Special Rule 2-2 ("The plaintiff shall immediately file with the court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reopen Case (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated this 6th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge